## UNITED STATES v. SEILER.

District Court, D. New Jersey.
June 10, 1931.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Samuel Cohen (Legal Advisor, Bureau of Prohibition), of Newark, N. J., for the United States.

Sidney Simandl, of Newark, N. J., for defendant.

AVIS, District Judge.

A criminal information is pending against the defendant, alleging a violation of the National Prohibition Act (27 USCA).

The prosecution is based upon a sale of alleged beer containing more than one-half of 1 per cent. of alcohol by volume, at defendant's place of business, 431 Clinton avenue, Newark, N. J.

Defendant, by petition, alleges that the evidence which the government intends to use to sustain the prosecution was illegally seized, and prays that the same may be suppressed.

Agents of the prohibition department testified that they entered the place of business of the defendant, who conducted a restaurant and barroom, and ordered beer, which was served to them, and for which they paid. Agent Light entered the place while the other agents were there, and set up an ebulliometer on the bar, and proceeded to test the beer which Agent Holbruner had before him on the bar. Light told who he was and that he intended to test the beer. He also requested a glass of water, which was furnished by the man behind the bar.

Counsel for the defendant claims that this action of the agents was a trespass, and an arrest, before the ebulliometer test was made, and, being at that time without probable cause, the arrest was illegal, and all subsequent seizures contrary to law. I am convinced that this claim is not supported by the testimony, and that no arrest was made until after the ebulliometer test.

Nor do I find any real basis for the contention that there was a trespass. The de-

fendant's place of business was public, and the entry of the agents was entirely legal.

Secondly, the defendant contends that the agents had no evidence to constitute probable cause under the ebulliometer test. It is admitted by defendant's expert witness that the ebulliometer, if properly used, is fairly accurate, and that the results may be reasonably relied upon.

The testimony of the agent, who conducted the test, showed that he did not use the ebulliometer in the manner prescribed by the inventor's instructions, in that he filled the condenser with water, before filling the boiler and lighting the alcohol lamp. He also testified that the water reached the boiling point in 8 to 10 minutes, and that he then put the beer in the boiler and repeated the process of boiling it. The result obtained by him showed that the beer contained 4.25 per cent. of alcohol by volume.

A demonstration of the operation of the ebulliometer was conducted before the court, at the hearing, by Dr. Harvey C. Kalschner, an expert witness produced by the defendant. He made the test in the manner prescribed by the directions of the inventor; and also in the manner testified to by Agent Light. The results in both tests were practically the same. The water did not reach the boiling point until the expiration of 28 minutes after applying the heat, but the mercury remained at practically the same point after the heat had been applied for 8 to 10 minutes.

The result was that whether the ebulliometer was operated in accordance with the directions, or as applied by Agent Light, the reading was practically the same.

The whole evidence demonstrates that the instrument used can be relied upon, and the court being satisfied that there was no trespass, and that the arrest and search was not made until after the agents had probable cause for making the same, the petition is dismissed, and the relief therein prayed for is denied.